·JAMES NEVILLE, ADMINISTRATOR OF SAMUEL B. NEVILLE, v.
W. R. BONSAL AND A. R. CLOUD, TRADING AS BONSAL & CO.

(Filed 22 April, 1914.)

1. Master and Servant—Trials—Gravel Pit—Supports—Negligence
    —Evidence—Nonsuit.

    The plaintiff's intestate, an employee of the defendant, was at
    work in the latter's gravel pit, under the supervision of their
    manager and with the manager's knowledge of the fact. The
    manager caused a bank of dirt which acted as a brace at the
    base of the gravel embankment to be removed without providing
    any support to take its place, and the gravel consequently rolled
    down upon the intestate and killed him. In an action, by the
    intestate's administrator to recover damages for his death, al-
    leged to have negligently been caused by the defendant, it is
    held that this was evidence of negligence, and the defendant's
    motion as of nonsuit was properly denied.

2. Master and Servant — Dangerous Employment — Assumption of
    Risks—Master's Negligence—Nonsuit.

    Whatever is necessary for the servant to do in the course of
    his employment is incidental thereto and a part thereof, and the
    servant assumes the risk of the dangerous character of his du-
    ties when the employment is a dangerous one; but where an
    injury is directly caused to the servant by a negligent act of the
    master or another employee in a superior capacity, in connection
    with the work, the master is responsible.

APPEAL by defendant from *Devin, J.,* at December Term,
1913, of ORANGE.

Civil action. These issues were submitted to the jury:

1. Was the plaintiff's intestate killed through the negligence
of the defendants, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff's intestate assume the risk, as alleged in
the answer? Answer: No.

3. What sum, if any, is the plaintiff entitled to recover?
Answer: $1,300.

From the judgment rendered, the defendants appealed.

*Frank Nash, S. M. Gattis, and V. S. Bryant for plaintiff.*
*F. P. Hobgood, Jr., for defendant.*

PER CURIAM. The motion to nonsuit was properly overruled.
The evidence tends to prove that the plaintiff's intestate was

employed by the defendants at work in a gravel pit, and was killed by the dirt piling up over him, caused by a cave-in; that the conditions there were such that there was a high bank, the plaintiff contends, 18 to possibly 20 feet high, perpendicular; that he was employed in working in connection with a steam shovel that was excavating at this place; that there was at the base of this bank of earth or well a certain amount of earth along its base which, as the plaintiff contends, acted as a brace to it at the base, which extends up to some 4 or 6 feet, and that in proceeding with their work of excavating this earth, and while the plaintiff's intestate, Sam Neville, was in a position of danger, they excavated or removed this earth at the base of this wall, and that this acted as a support to the wall, and that when it was removed, and by their act in removing it, the earth in the bank of earth crumpled or caved in and fell upon Sam Neville and caused his death, and that his death was due to the negligence of the defendants in removing this without any other protection.

The work was being done under the management of one Stowe, who, about three hours before the cave-in, ordered the plaintiff's intestate to work at that place. The evidence shows that Stowe was in and out of the pit all the time, and knew of the conditions.

It is a fair inference from the evidence that Stowe took no precautions to prevent a cave-in before the supporting bank of dirt was removed. It was the duty of Stowe to take such precautions as the situation permitted, so as to prevent injury to his subordinates when the bank of dirt at the base of the pit was removed; ordinary prudence dictated it.

Upon the second issue his Honor charged: "A servant assumes all the risks and dangers incident to his employment. He does not assume a risk or danger growing out of the master's negligence. Whatever is necessary to be done in the work in which the servant is engaged is incident to the servant's employment, and whatever risk or danger attaches to it, or necessarily grows out of it, he assumes."

This is in accord with the decisions of this Court.

Upon a review of the record, we find

No error.